[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-14177

_____

D.C. Docket No. 5:13-cr-00026-RS-EMT-3

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

FRANK ALFRED BAKER,
DONALD TERRY DUBOSE,
a.k.a. Terry Dubose,
ELWOOD LADON WEST,
a.k.a. Woody West,

Defendants- Appellants.

_____

Appeals from the United States District Court
for the Northern District of Florida

_____

(April 19, 2016)

Before WILSON, MARTIN, and HIGGINBOTHAM,* Circuit Judges.

PER CURIAM:

Frank Alfred Baker, Donald Terry Dubose, and Elwood Ladon West (collectively, Appellants) appeal their convictions and sentences for wire fraud, making false statements to the Federal Deposit Insurance Corporation (FDIC), and making a false claim against the United States.  Baker and Dubose also appeal their convictions for conspiracy to commit those offenses.  Appellants were officers and/or shareholders of Coastal Community Investments (Coastal), a bank holding company that owned Coastal Community Bank and Bayside Savings Bank.  The government alleged that they defrauded the FDIC by falsely representing Coastal's eligibility to participate in the FDIC's Temporary Liquidity Guarantee Program, which guaranteed unsecured loans taken out by bank holding companies if certain conditions were met.  Appellants raise the following issues on appeal:

1.  Whether the evidence was sufficient to support their convictions.

2. Whether the district court erred by giving the jury a deliberate ignorance instruction.

3. Whether the district court erred in entering a restitution award to the FDIC.

4. Whether the district court erred in applying an 18-level enhancement to Appellants' sentences pursuant to § 2B1.1(b)(1)(J) of the United States Sentencing Guidelines.

---

*Honorable Patrick E. Higginbotham, United States Circuit Judge for the Fifth Circuit, sitting by designation.

2

5.  Whether the district court abused its discretion by admitting evidence against Dubose under Rule 404(b) of the Federal Rules of Evidence.

6.  Whether the district court abused its discretion by denying Appellants' motions for mistrial and new trial based on the jury's exposure to comments about a news report.

After thorough consideration of the briefs and record, and with the benefit of oral argument, we find no reversible error as to any of the issues presented on appeal by Dubose and West.  However, our review of the record leads us to conclude that the evidence was insufficient to support a guilty verdict against Baker as to Count 9 of the indictment, which held him accountable for a debt certification by West.  This certification took place eight days before Baker was first contacted regarding the loan.  There is no evidence Baker knew this certification occurred, much less that he knew it was false.  Accordingly, even when viewed in the light most favorable to the government, the evidence presented at trial as to Baker's guilt for this offense "does not meet the requisite standard of proof beyond a reasonable doubt."  *See United States v. Charles*, 313 F.3d 1278, 1283–84 (11th Cir. 2002) (per curiam).

Therefore, Dubose's and West's convictions and sentences are affirmed. With regard to Baker, we vacate the conviction for Count 9 only, and remand to the district court for proceedings consistent with this opinion.

**AFFIRMED IN PART, VACATED AND REMANDED IN PART**.

3